NELLIE FOLAND, Respondent, v. SOUTHWEST MISSOURI ELECTRIC RAILWAY CO., Appellant.

**Kansas City Court of Appeals, July 2, 1906.**

1. **PASSENGER CARRIERS:** Negligence: Pleading: Instruction: Evidence. A petition by passenger charged the carrier with negligence in starting the car while the passenger was getting on, and also with negligence in failing to stop after discovering her peril. *Held*, since there was evidence to support both counts, the plaintiff was entitled to instructions on both causes of action.

2. ———: ———: Trial and Appellate Practice: Change of Theory: Instructions. Where an appellant tries a case upon one theory he is in no position to urge a different theory in the appellate court, especially where he failed to object to the evidence below and offered evidence on the same theory, and certain modifications of instructions are approved.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray*, Judge.

AFFIRMED.

*McReynolds & Halliburton* for appellant.

(1) When the plaintiff has alleged specific acts of negligence in her petition, she assumes the burden of proving them and must recover, if at all, upon the negligence pleaded. Hamilton v. Railway, 89 S. W. 894; Waldheir v. Railroad, 71 Mo. 514; Price v. Railroad, 72 Mo. 414; Ely v. Railroad, 77 Mo. 34; Leslie v. Railroad, 88 Mo. 50; Yarnall v. Railroad, 113 Mo. 570; Bunyan v. Railroad, 127 Mo. 19; Hite v. Railroad, 130 Mo. 132; McNamee v. Railroad, 135 Mo. 447; Bartley v. Railroad, 148 Mo. 139; Feary v. Railway, 162 Mo. 96; McCarty v. Hotel Co., 144 Mo. 402; Chitty v. Railway, 148 Mo. 74. (2) Instruction numbered 2 given for plain-

tiff was error because no such negligence is alleged in the petition, and there was no issue of that kind before the jury. And for the same reason the court's modification of defendant's instructions numbered 1 and 2 by the addenda thereto was error. McNamee v. Railway, 135 Mo. 448; Hite v. Railway, 130 Mo. 136; Hesselback v. St. Louis, 179 Mo. 524.

*Walden & Andrews* for respondent.

(1) An inspection of the petition discloses that the specific acts of negligence, upon which the jury were authorized to find for the plaintiff in the instructions given on behalf of plaintiff, were clearly and fairly set out. (2) Appellant's next contention is that instruction numbered 2 given for plaintiff was error, "because no such negligence is alleged in the petition, and there was no issue of that kind before the jury." It is too late to make objection of this kind. No objections were made to the introduction of evidence in support of the negligence covered by the second instruction. The case was tried on the theory that this negligence was in issue, and as far as the question involved is concerned, instruction numbered 14, asked by defendant, asked the court to instruct the jury on the very point defendant now says was not in issue. Hilz v. Railway, 101 Mo. 41; Betts v. Magoon, 85 Mo. 580; Thorpe v. Missouri Pacific Railway Company, 89 Mo. 650; 108 Mo. App. 553; Sepetowski v. Transit Co., 102 Mo. App. 110; Shanks v. Traction Co., 99 Mo. App. 363; Klockenbrink v. Railroad, 172 Mo. 678; Murray v. Transit Co., 108 Mo. App. 501; Coogar v. Railway, 101 Mo. App. 190; Werner v. Railway, 81 Mo. 368; Weller v. Railroad, 164 Mo. 180; Bunyan v. Railroad, 127 Mo. 12; Meng v. Railway, 108 Mo. App. 563. (3) Appellant complains of the modification of its instructions numbered 1 and 2. An instruction, which covers the whole case and authorizes a finding for either party, must not exclude from

the consideration of the jury any material issue, supported by substantial evidence on either side.    Mansur v. Botts, 30 Mo. 657; Borden v. Falk Co., 97 Mo. App. 566; Mack v. Schneider, 57 Mo. App. 431; Booth v. Lay, 83 Mo. App. 60.

BROADDUS, P. J.—This is a suit for negligence. The specific acts of negligence charged are as follows:

"Plaintiff says that defendant, unmindful of its duty in the premises, failed and neglected to stop said car a sufficient length of time for plaintiff to board its said car, whereby the plaintiff, without fault on her part, was, through the carelessness and negligence, and want of care and skill of defendant's servants in charge of said car, as she was attempting to board said car, and after having one foot on the lower step of said car, and hold of the handhold, the car was suddenly started, and she was jerked from her feet, and was dragged by the said car, and that defendant by its agents and employees then and there in charge of said car saw plaintiff hanging to said handhold of said car and being dragged by said car, or by the exercise of ordinary care could have seen her hanging by said handhold, and could have stopped said car by the exercise of ordinary care on their part in time to have avoided dragging and injuring her, but did carelessly and negligently then and there fail and neglect to stop said car, and did then and there carelessly and negligently drag plaintiff over the dirt, bricks and stone of said street for a distance of about one block, at which point plaintiff's hold became released and she fell to and upon the street," by all which she was greatly injured.

The defendant's answer was a general denial of the allegations of the petition, and alleging that plaintiff's injuries were the result of her negligence in attempting to board the car in question after the same had started, in catching hold of the rear handhold of the rear car and holding to the same. . . ."

The plaintiff's evidence tended to support the allegations of the petition and defendant's evidence tended to support the allegation of contributory negligence. There was positive evidence that plaintiff had got hold of the rear handhold of the car and had put one foot upon the step when the car started and there was positive evidence that plaintiff caught the handhold after the car started.

The defendant contends that under this state of proof the court committed error in giving instruction numbered two at the instance of the plaintiff. It is as follows: "The court instructs the jury that, even though you should believe from the evidence that plaintiff attempted to board defendant's car while same was in motion, yet, if you further find from the evidence that in attempting to board the said car plaintiff caught hold of the handhold of said car and was jerked off her feet by said car, and that while so hanging she was dragged for about one-half of a block and received injuries complained of in her petition, and that the conductor in charge of said car knew that she was hanging to said handhold and was being dragged by said car and could, by the exercise of ordinary diligence on his part, have caused said car to be stopped in time to have avoided injury to plaintiff, but that defendant's said conductor negligently and carelessly failed to cause said car to stop after he had discovered plaintiff's position, and negligently and carelessly permitted said car to drag plaintiff a long distance over the street and that she thereby sustained the injuries complained of; then you should find for plaintiff."

The instruction is objected to by defendant on the ground that it authorized the jury to return a verdict on a charge different from that alleged in the petition. The petition alleges two causes of action, viz.: one for starting the car while plaintiff was attempting to get aboard and one for the negligence of defendant's conductor in failing to stop the car after he discovered her

peril. Upon the proof of either, plaintiff was entitled to recover. It is true the two different allegations are not stated separately, but are mingled together in the same count. The plaintiff should have been required to state her causes of action separately. Instruction numbered one given for the plaintiff is based upon her right to recover for the negligence of defendant's agents in starting the car without giving her time to get aboard; the second for failure of the conductor to stop the car after having discovered her peril. And defendant is mistaken in its assertion that there was no evidence to support the latter issue, as there was evidence tending to show that the conductor saw the peril of the plaintiff and could have, by the exercise of proper care, stopped the car in time to have prevented her injury. As defendant had introduced positive evidence that plaintiff got upon the car while in motion, which was an act of negligence, yet, if by the exercise of proper care defendant could have avoided injuring her, it was its duty to do so. [Klockenbrink v. Railway, 172 Mo. 678; Roenfeldt v. Railway, 180 Mo. 554; Baxter v. Transit Co., 103 Mo. App. 597; Linder v. Transit Co., 103 Mo. App. 574.]

The defendant tried the case upon the theory that there were two issues before the jury, which is shown by its instruction five given by the court. It is as follows: "The court instructs the jury that in passing on the question as to whether the conductor was negligent in failing to give the quick stop signal, after he discovered plaintiff holding on to his car, they will take into consideration all the circumstances as they existed at the time, and if they believe he did the best he could in attempting to signal the motorman to stop and to protect plaintiff from falling from said car, then he was not guilty of negligence in failing to stop the car sooner, and the plaintiff cannot recover on the ground of negligence in that respect." In Hilz v. Railway, 101 Mo. l. c. 41, the court said: "The point is made in this court for

defendant that the petition does not authorize the submission of the issues so contained and submitted in said instruction. But even if the objection would be sound and well taken in a proper case, the defendant, we apprehend, is in no position to urge the same in this court. Both parties, we think, tried the case upon the theory of this instruction. The defendant, it is true, excepted to the giving of this instruction, but so far as the question involved is concerned instruction numbered two, asked by defendant, is substantially the same." This case has been followed by a long line of decisions of all the appellate courts of the State up to this time. And there was no objection to the evidence introduced upon that theory of the case. On the contrary, much of defendant's testimony was directed to the point as to whether defendant's conductor did all he could to stop the car after he discovered plaintiff's peril. The case in this respect is similar to the case of Hilz v. Railway, supra.

The defendant further insists that the court erred in modifying its instructions numbered one and two as asked. The first required plaintiff to prove to the satisfaction of the jury that she attempted to board the car while it was at a stand, and that defendant's employees suddenly started it before she had time to get aboard. The modification consisted in adding the following words, "unless the jury further find from the evidence that the conductor in charge of said car saw the plaintiff hanging to said car after the same had started, and failed to exercise ordinary care to stop said car, and that on account of said failure plaintiff was injured." Instruction two was based upon the theory that if plaintiff got upon the car after it started she was not entitled to recover. The modification consisted in adding the same words as were inserted by the court in number one. If what we have heretofore said is correct, the action of

the court in reference to said modifications was proper. And what we have already said disposes of other questions raised in the case. Affirmed. All concur.